

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Martelle McDonald
District Attorney
Big Spring, Texas

Dear Sir:

Opinion No. O-4162
Re: Constitutionality of House
Bill 744 of the 47th Legis-
lature of Texas.

Your request for our opinion as to the constitu-
tionality of House Bill 744 of the 47th Legislature of Texas
has been received and carefully considered. We quote from
your request as follows:

"Under the provisions of House Bill 744,
Acts of 47th Legislature, Article 2350M, Revised
Civil Statutes of Texas, the Commissioners Court
of Martin County, have allowed themselves the
sum of $50.00 as traveling expense in performance
of the duties of their offices. . . . ."

House Bill 744 of the 47th Legislature of Texas
reads in part:

"Be it enacted by the Legislature of the
State of Texas:

"Section 1. In all counties in this State
having a population of not less than five thou-
sand, five hundred (5,500) and not more than
five thousand, five hundred and seventy-five
(5,575), and in counties having a population of
not less than two thousand, eight hundred and
twenty-five (2,825) and not more than two thou-
sand, nine hundred (2,900), according to the
last preceding Federal Census, the Commissioners
Court in such counties is hereby authorized to
allow each Commissioner and County Judge the sum
of Fifty Dollars ($50) per month for traveling
expenses when traveling in the discharge of his
official duties."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Martin County, according to the last preceding Federal census of 1940 has 5,556 inhabitants, and is the only county in Texas coming within the population brackets of not less than 5,500 and not more than 5,575 inhabitants.

Crockett County, according to the last preceding Federal census of 1940 has 2,841 inhabitants, and is the only county in Texas coming within the population brackets of not less than 2,825 and not more than 2,900 inhabitants.

The question arises as to whether or not this is a local or special act attempting to regulate the affairs of counties in violation of Article 3, Section 56 of the Constitution of Texas.

Chief Justice Nealon, writing the opinion of the Court of Civil Appeals in the case of Wood vs. Marfa Independent School District, 123 S. W. (2) 429, had the following to say:

> "We take judicial notice that no other county in Texas has the qualifications of area and population demanded by the statute. . . It is sufficient to say here that when we look to the practical operation of the act, we are led to the conclusion that beyond doubt it was the purpose of the legislature to single out Presidio County and make the act applicable to that county alone. Bexar County v. Tynan, 128 Tex. 223, 97 S. W. 2d 467. For that reason the act is a local act and one which it was beyond power of the legislature to enact. Vernon's Ann. Civ. St. Texas Constitution, Art. 3, Sec. 56; Brownfield v. Tongate, Tex. Civ. App., 109 S. W. 2d 352; City of Ft. Worth v. Bobbitt, Tex. Com. App., 36 S. W. 2d 470; Fritter v. West, Tex. Civ. App., 65 S. W. 2d 414; Austin Bros. v. Patton, Tex. Com. App., 288 S. W. 182; Smith v. State, 120 Tex. Cr. R. 431, 49 S. W. 2d 739."

This department held in opinion No. O-18 that Articles 2372-1 and 5221b-23, Revised Civil Statutes of Texas, 1925, the former being applicable to counties having a population of not less than 48,900 and not more than 49,000, and the latter applying to counties with a population of not less than 48,900, and not more than 48,975, and counties with a

population of not less than 10,370 and not more than 10,380, according to the last preceding Federal census, were unconstitutional and void as special laws under Section 56, Article 3 of the State Constitution, citing the case of the City of Fort Worth vs. Bobbitt, 36 S. W. 2d 470.

This department held in opinion No. O-899 that House Bill 866 of the 46th Legislature of Texas, providing for traveling expenses of County Commissioners of counties having a population of not less than 22,100 and not more than 22,500, according to the last preceding Federal census, was unconstitutional in that it was a local and special law attempting to regulate the affairs of the county, and fell within the prohibition of Section 56 of Article 3 of the Constitution of Texas.

This department held in opinion No. O-1986 that House Bill 876, 46th Legislature and House Bill 1122, 45th Legislature, were unconstitutional and void in that the same were local and special laws attempting to regulate the affairs of a county and fell within the prohibition of Section 56 of Article 3 of the Constitution of this State. These Bills applied only to Montgomery County, Texas.

This department has held a large number of similar acts to be unconstitutional on the grounds above stated. We are enclosing herewith copies of Opinions Nos. O-1955 and O-4286.

Therefore, you are respectfully advised that it is the opinion of this department that House Bill 744 of the 47th Legislature of Texas is unconstitutional as violative of Section 56 of Article 3 of the Constitution of Texas in that said Act attempts to regulate the affairs of counties by local and special law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 1, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

D. Burle Daviss
Assistant

DBD:mp